**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.: 1:11-cv-00452-PAB -KMT**

Elizabeth Lupia,
    Plaintiff

v.

Computer Credit, Inc.,
    Defendant

_____

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**
_____

**NATURE OF ACTION**

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

**PARTIES**

4.    Plaintiff, Elizabeth Lupia ("Plaintiff"), is a natural person who at all relevant times resided in the State of Colorado, County of El Paso, and City of Colorado

Springs.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Computer Credit, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant overshadowed the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including creating a false sense of urgency which would lead the least sophisticated consumer to believe that payment of the debt was

required prior to the expiration of the FDCPA's 30 day dispute period.

14. Defendant sent Plaintiff initial written communication dated November 2, 2010, which properly advised Plaintiff if her right to dispute the debt within thirty (30) days from receipt of Defendant's letter.

13. On November 16, 2010, just 14 days later, however, Defendant sent an additional correspondence to Plaintiff which overshadowed the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including making no mention of Plaintiff's right to dispute the debt yet stating: "your overdue balance remains unpaid", "This is a serious matter and we expect payment", and "unless you dispute the validity of the amount owed, you must satisfy your debt" (15 U.S.C. § 1692g(b)).

14. On November 30, 2010, Defendant again sent Plaintiff correspondence that overshadowed the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including the below language:

> Despite our previous communication to encourage you to pay your delinquent account with Memorial Health System, you still have an outstanding balance. This is our FINAL NOTICE and you must take action to resolve this overdue account. Pay the amount due to discharge your debt owed to the hospital.
>
> This letter is sent as a final demand for payment in the amount of $169.24. Computer Credit, Inc. is a debt collector. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. Be advised this is our LAST ATTEMPT to collect this debt and any information obtained will be used for that purpose.
>
> We expect you to resolve your financial obligation.

15. Defendant also sent Plaintiff written communications in which the statement, "Los analistas de contabilidad al paciente de Memorial Health System pueden determiner si usted es elegible para asistencia financier. Favor de llamar a MHS al numero 719-365-5242" was included.

16. This sentence could deceive or mislead a least sophisticated Spanish-

language consumer into calling the number, thereby potentially waving his rights, and thus over overshadowed the disclosures required by 15 USC § 1692g(a). (15 U.S.C. §§ 1692e(10),1692g(b), *Ehrich v. I.C. System, Inc.*, 681 F. Supp. 2d., 265 (E.D.N.Y. 2010)).

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

**Respectfully submitted,**

**May 4, 2011**         **/s/ Craig Ehrlich**
                        **Craig Ehrlich**
                        **Weisberg & Meyers LLC**
                        **5025 N. Central Ave., #602**

**Phoenix, AZ 85012**
**Telephone: (602) 445 9819**
**Facsimile: (866) 565 1327**
**Email: CEhrlich@AttorneysForConsumers.com**

Filed electronically on this 4th day of May, 2011, with:

United States District Court CM/ECF system

Copy sent electronically via the Court's ECF system on this 4th day of May, 2011 to:

Timothy M. Murphy
Hall & Evans, LLC
1125 17th Street, Suite 600
Denver CO 80202-2052


s/Tremain Davis
Tremain Davis